J-S49026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEBORAH ANNE KEELEY | |
| Appellant | No. 1472 EDA 2019 |

Appeal from the PCRA Order entered May 2, 2019
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0002679-2013

BEFORE:  BENDER, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 22, 2019**

Appellant, Deborah Anne Keeley, appeals *pro se* from the May 2, 2019 order entered in the Court of Common Pleas of Chester County, denying as untimely her second petition for collateral relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

In its Rule 1925(a) opinion, the PCRA court explained:

On December 10, 2014, [Appellant] entered into an open guilty plea agreement on every count in the criminal information.  Thus, on Information Number 1302-2013, [Appellant] pled guilty to three (3) counts of involuntary deviate sexual intercourse ("IDSI") with a child, one (1) count of aggravated indecent assault with a child, four (4) counts of indecent assault with a child, three (3) counts of corruption of minors, one (1) count of endangering the welfare of a child ("EWOC"), and twelve (12) counts of criminal conspiracy for each of the underlying charges.

_____

* Former Justice specially assigned to the Superior Court.

PCRA Court Opinion, 7/2/19, at 1 (footnotes and some capitalization omitted).

After Appellant entered into the plea agreement, the trial court ordered a pre-sentence investigation report and an evaluation that concluded Appellant did not meet the statutory criteria for classification as a sexually violent predator. On March 17, 2015, after reviewing the reports, the trial court sentenced Appellant to an aggregate term of not less than 22 nor more than 44 years in a state correctional institution, followed by 15 years' probation. *Id.* at 1-3. The trial court denied Appellant's post-sentence motions. Appellant then pursued a direct appeal to this Court in which she challenged venue. On February 5, 2016, we affirmed Appellant's judgment of sentence. *Commonwealth v. Keeley*, 2016 EDA 2015, unpublished memorandum (Pa. Super. filed February 5, 2016). Our Supreme Court denied her petition for allowance of appeal on June 8, 2016. Therefore, Appellant's judgment of sentence became final on September 6, 2016 and she had until September 6, 2017 to file a timely PCRA petition. U.S.Sup.Ct. Rule 13; 42 Pa.C.S.A. § 9545(b)(1).

Appellant filed a timely first PCRA petition. As the PCRA court recounted:

> On June 7, 2017, [Appellant] filed a timely, *pro se*, [PCRA] petition. As this was the indigent [Appellant's] first PCRA petition, the court appointed [counsel] to represent her in all matters pertaining to the PCRA petition. On November 13, 2017, [counsel] petitioned the court for leave to withdraw as PCRA counsel by filing a "No-Merit" letter pursuant to the dictates outlined in *Commonwealth v. Turner*, 544 A.2d 925 (Pa. 1988) and

> ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) and petition to withdraw as counsel.
>
> On February 28, 2018, the court issued a [Rule 907] notice of intent to dismiss the PCRA petition[.] [Appellant] did not file any response to the Rule 907 notice. On May 18, 2018, the court entered a final order dismissing [Appellant's] PCRA petition, and permitting counsel to withdraw. [Appellant] did not appeal the May 18, 2018 order dismissing her first PCRA petition.
>
> On March 4, 2019, [Appellant] filed a second PCRA petition. By order dated March 26, 2019, the Commonwealth was directed to file an answer to [Appellant's] second PCRA petition. On April 2, 2019, the Commonwealth filed its answer requesting summary dismissal.

PCRA Court Opinion, 7/2/19, at 3-4 (footnote and some capitalization omitted). The PCRA court issued its Rule 907 Notice of Intent to Dismiss on April 16, 2019. In the notice, the PCRA court explained that the petition was untimely and failed to enumerate any exception to the PCRA's time bar. Rule 907 Notice of Intent to Dismiss, 4/16/19, at 8. Following review of Appellant's April 29, 2019 response, the PCRA court issued an order on April 29, 2019, dismissing Appellant's petition as untimely "because it was filed more than one (1) year after [Appellant's] judgment of sentence became final and the Petition failed to plead and prove that one of the statutory exceptions, which would excuse the late filing, applied in this case." PCRA Court Opinion, 7/2/19, at 8 n.11. This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant asks us to consider four issues in this appeal:

A. Whether the PCRA court erred when it did not grant relief on Appellant's second [PCRA] petition that alleged trial and appellate counsel were ineffective?

B. Whether the PCRA court erred in the denial and dismissal of Appellant's second [PCRA] petition on the basis of an illegal sentence and vastly disparate sentence from other codefendant?

C. Whether the PCRA court erred in not granting relief on Appellant's second [PCRA] petition for venue change?

D. Whether the PCRA court erred when it did not take constitutional rights, Pennsylvania laws, and violations based on judicial and prosecutorial misconduct into consideration?

Appellant's Brief at 4.[1]

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007) (citations omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final."

---

[1] We recognize Appellant is *pro se*. However, "*pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1038 (Pa. Super. 2018) (citations omitted). Although Appellant attached a copy of the trial court's July 28, 2015 opinion to her brief, she has failed to include both the relevant opinion from the PCRA court dated July 2, 2019 opinion and her Rule 1925(b) statement. These omissions constitute violations of Pa.R.A.P. 2111(a)(10) and (11). While the omissions constitute defects and are an inconvenience to this Court, the deficiencies do not render us unable to perform our appellate review.

- 4 -

42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

We begin by addressing the timeliness of Appellant's petition, recognizing that "[t]he PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady**[3] claim separate from consideration of its timeliness). Further, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).

---

[2] Section 9545(b)(2) was recently amended, effective December 24, 2018, to enlarge the deadline from sixty days to one year.

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

The PCRA court determined Appellant's PCRA claims were time-barred. As noted above, Appellant's judgment of sentence was final on September 6, 2016. Therefore, she had until September 6, 2017 to file a timely PCRA petition. The instant petition was filed on March 4, 2019, eighteen months beyond the deadline. Therefore, unless she has pled and proven an exception to the PCRA's time bar, neither the PCRA court nor this Court has jurisdiction over her claims.[4]

In her amended PCRA petition, Appellant claims trial counsel was ineffective because he failed to disclose a conflict of interest stemming from a civil action he allegedly filed against Chester County in February of 2016, several months after she entered her guilty pleas. She contends she discovered the lawsuit by Googling counsel's name. Amended PCRA Petition, 3/4/18, at ¶¶ 14, 22.[5] Appellant also asserts PCRA counsel ineffectiveness for failing to discover the alleged conflict. *Id.* at ¶¶ 44-48. In the final paragraph

_____

[4] In her Rule 1925(b) statement, Appellant suggests her second petition was timely because it was filed "within a year of the denial and dismissal of her first PCRA." Rule 1925(b) Statement at ¶ 10. Appellant misapprehends Section 9545(b)(1) and its time mandate for filing a petition "within one year of the date **the judgment becomes final**[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added).

[5] If Appellant's assertion of learning about the alleged conflict was intended to suggest a newly-discovered fact so as to circumvent the PCRA's time bar, she does not indicate when she discovered the conflict or that she raised it in a timely fashion as required by Section 9545(b)(2). However, in light of the fact Appellant believed her petition was timely because it was filed within a year of dismissal of her first PCRA petition, *see* n. 3, there is no basis for concluding she was trying to prove an exception to the one-year deadline.

of the petition, she "additionally includes Governmental interference by Chester County and the District Attorney's Office." *Id.* at 50. However, our review of the entire petition reveals she neither pled nor proved governmental interference or any other exception to the PCRA's time bar.

Applying our standard of review in this case, we conclude the PCRA court's findings are supported by the record and are free of legal error. As a result, because Appellant's petition was untimely filed, this Court is without jurisdiction to entertain the merits, if any, of Appellant's petition. *Albrecht*, 994 A.2d at 1093. Therefore, we shall affirm the order of the PCRA court dismissing Appellant's petition as untimely.

Order affirmed.


 Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/19